**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Matthew Joseph Hogan, Appellant.

Appellate Case No. 2023-000565

———————

Appeal From York County
William A. McKinnon, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-394
Submitted July 1, 2026 – Filed August 5, 2026

———————

**AFFIRMED**

———————

Deputy Chief Attorney for Capital Appeals David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Kevin Scott Brackett, of York, all for Respondent.

———————

**PER CURIAM:** Matthew Joseph Hogan appeals his convictions for twelve counts of second-degree criminal sexual conduct (CSC) with a minor, two counts of third-degree CSC, and one count of incest, and aggregate sentence of thirty-five

years' imprisonment.  On appeal, Hogan argues the trial court erred by including a witness credibility charge that excused "simple mistake[s]" by a witness because it violated the constitutional provision against charges on the facts and evidence.  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion when it charged the jury that "a simple mistake does not mean a witness was not telling the truth as he or she remembers it" because the charge applied to all witnesses, did not address the veracity of any particular witness's testimony, and did not contain an opinion on the credibility of any witness or the weight of their testimony.  *See State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010) ("An appellate court will not reverse the trial [court]'s decision regarding a jury charge absent an abuse of discretion."); *State v. Custer*, 443 S.C. 172, 179, 903 S.E.2d 237, 240 (Ct. App. 2024) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *State v. Lemire*, 406 S.C. 558, 565, 753 S.E.2d 247, 251 (Ct. App. 2013))); *State v. Logan*, 405 S.C. 83, 90, 747 S.E.2d 444, 448 (2013) ("In reviewing jury charges for error, this [c]ourt considers the trial court's jury charge as a whole and in light of the evidence and issues presented at trial."); S.C. Const. art. V, § 21 ("Judges shall not charge juries in respect to matters of fact[ ] but shall declare the law."); *State v. Jackson*, 297 S.C. 523, 526, 377 S.E.2d 570, 572 (1989) ("[I]t is a general rule that a trial [court] should refrain from all comment which tends to indicate to the jury [its] opinion on the credibility of the witnesses, the weight of the evidence, or the guilt of the accused."); *cf. State v. Stukes*, 416 S.C. 493, 499-500, 787 S.E.2d 480, 482-83 (2016) (holding the trial court improperly commented on the facts when it instructed the jury that a *victim's* testimony need not be corroborated in CSC cases because the court "address[ed] the veracity" of the *victim's* testimony and "emphasize[d] the weight of that evidence in the eyes of the jury").

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.